Filed 7/18/24  P. v. Yerger CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098269 |
| Plaintiff and Respondent, | (Super. Ct. No. 22FE009005) |
| v. | |
| CHARLES JAY YERGER III, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Charles Jay Yerger III filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors that would result in a disposition more favorable to Yerger, we will affirm the judgment.

BACKGROUND

On May 30, 2022, at around 10:00 p.m., two police officers interviewed A.L. regarding a report that she had been assaulted with a deadly weapon and threatened. A.L. stated that around 2:00 in the morning, she was at an apartment and Yerger was "getting sloppy drunk" and waving a loaded firearm around. Yerger acted sexually aggressive toward A.L. and other women present. A.L. told Yerger to put the gun away. Yerger said, "[S]hut up[,] bitch. You disrespecting me[,] bitch." Yerger pointed the firearm at A.L. She told him again to put the gun away. Yerger got on top of A.L. so that she could not move. A.L. kicked Yerger off, and he slapped her face and squeezed it.

Later that day, at around 4:00 or 5:00 p.m., Yerger returned to the apartment. After the first incident, A.L. had posted "fuck the heights," because she was angry. Yerger told A.L. to delete the post from her Instagram feed. Yerger tried to take A.L.'s cell phone. A.L. said she would delete the post. She was in her room lying in bed. Yerger grabbed A.L. by her hair, pulled out his gun and said, "I should have pistol whipped you bitch." Yerger threatened to shoot A.L. He pressed the gun barrel against her forehead.

A.L. showed the officers photographs of Yerger on social media. A.L. told them that Yerger keeps his gun in a compartment by the steering wheel in his Chevy Impala. A.L. described the firearm as an army green and black Smith & Wesson handgun.

The officers also interviewed J.P., who witnessed the first incident and described it in substantially similar fashion as A.L. J.P. did not witness the second incident. J.P. echoed A.L.'s description of Yerger's handgun and the spot where it was located in his car.

Later that night, A.L. sent a text to one of the officers stating that she did not want to press charges, because she feared retaliation by Yerger.

On May 31, 2022, the Sacramento County Sheriff's Office used facial recognition software to identify Yerger and found an address for Yerger and a Chevrolet Impala registered to him. On June 1, 2022, a detective with the Sacramento County Sheriff's

2

Office saw Yerger drive past and park a Chevrolet Impala. Officers arrested Yerger and searched his car. They found two baggies later determined to contain cocaine. The officers looked for Yerger's firearm and found a Smith & Wesson handgun in a fuse box to the left of the steering wheel. A records check determined the firearm was registered to someone other than Yerger.

At trial, A.L. testified that she never saw Yerger on May 30, 2022. She acknowledged that she spoke to police on that day but testified she did not recall what she told the police. J.P. testified she did not recall seeing Yerger at around 1:00 or 2:00 a.m. on May 30, 2022, and did not recall the events she related to police about an incident at that time. However, J.P. did see Yerger between 2:00 and 5:00 p.m. on that day. He came to the apartment, went into A.L.'s room and argued with her, until J.P. told him to stop.

A.L. testified that she lied to the officers who interviewed her on May 30, 2022, because she became upset upon seeing a screenshot of a text message from Yerger to another woman and wanted to get him in "serious trouble." A.L. testified that she asked J.P. to lie to the police as well, and J.P. agreed.

An information filed on July 20, 2022, charged Yerger with two counts of assault with a deadly weapon with firearm enhancements (Pen. Code, §§ 245, subd. (b), 12022.5, subds. (a), (d); counts one and two), criminal threats with a firearm enhancement (Pen. Code, § 422; count three), possession of cocaine with a loaded firearm (Health & Saf. Code, § 11370.1, subd. (a); count four), carrying a concealed firearm in a vehicle, with additional allegations that the firearm was loaded and Yerger was not the registered owner (Pen. Code, § 25400, subds. (a)(1), (c)(6); count five), misdemeanor battery (Pen. Code, § 242; count six), misdemeanor possession of cocaine (Health & Saf. Code, § 11350, subd. (a); count seven), and misdemeanor driving without a driver's license (Veh. Code, § 12500, subd. (a); count eight).

The jury found Yerger guilty on all counts and found all enhancements true. The trial court sentenced him to a total aggregate term of six years in state prison. Yerger

3

filed a timely notice of appeal with this court in March 2023. His *Wende* brief was filed in April 2024, and this case was fully briefed on May 29, 2024.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Yerger was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from Yerger.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to Yerger.

## DISPOSITION

The judgment is affirmed.

```
        /s/
BOULWARE EURIE, J.
```

We concur:

```
    /s/
ROBIE, Acting P. J.
```

```
    /s/
MESIWALA, J.
```